**MARR JONES & WANG**
A LIMITED LIABILITY LAW PARTNERSHIP

EILEEN C. ZORC          9925-0
RONALD TANG             11034-0
Pauahi Tower
1003 Bishop Street, Suite 1500
Honolulu, Hawaii 96813
Tel. No. (808) 536-4900
Fax No. (808) 536-6700
ezorc@marrjones.com

Attorneys for Defendant
UNITED AIRLINES, INC.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JON K. YAMADA,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED AIRLINES, JOHN DOES 1-5, JANE DOES 1-5, DOE CORPORATIONS 1-5, DOE PARTNERSHIPS 1-5, DOE NON-PROFIT ORGANIZATIONS 1-5, and DOE GOVERNMENTAL AGENCIES 1-5,<br><br>Defendants. | CIVIL NO. _____<br><br>DEFENDANT UNITED AIRLINES, INC.'S **NOTICE OF REMOVAL**; DECLARATION OF DOROTA KARPIERZ; EXHIBIT "A"; DECLARATION OF EILEEN C. ZORC; EXHIBIT "B"; CERTIFICATE OF SERVICE<br><br>No Trial Date Set. |

1153518

## <u>DEFENDANT UNITED AIRLINES, INC.'S NOTICE OF REMOVAL</u>

TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF HAWAII:

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant United Airlines, Inc. ("Defendant") hereby removes Civil No. 19-1-0411-03 JHA from the Circuit Court of the First Circuit, State of Hawaii, to the United States District Court for the District of Hawaii. The grounds for removal are:

1.      The instant action was commenced against Defendant by the filing of a Complaint in the Circuit Court of the First Circuit, State of Hawaii, identified as Civil No. 19-1-0411-03 JHA, *Jon K. Yamada vs. United Airlines, et al.* (the "Complaint"), on March 13, 2019. A true and correct copy of the Complaint, with the attached Demand for Jury Trial and Summons, is attached to the Declaration of Dorota Karpierz ("Karpierz Decl.") as Exhibit ("Ex.") "A."

2.      On September 11, 2019, Defendant was served with the Complaint from the state court proceeding.

3.      On September 30, 2019, Defendant filed an Answer to the Complaint. A true and correct copy of the Answer to Complaint is attached to the Declaration of Eileen C. Zorc as Ex. "B."

4.      No other process, pleadings, and/or orders have been served upon Defendant in this case.

5.      No further proceedings have been had and thirty days have not elapsed since this action became removable to this Court.

6.      Defendant has a right to remove this action to this Court pursuant to 28 U.S.C. § 1441 because there is diversity of citizenship between the parties.  As asserted by the Plaintiff in his Complaint, Plaintiff is a resident of the State of Hawaii. *See* Ex. A at ¶ 1.  Defendant is a corporation incorporated in Delaware, having its principal place of business in the State of Illinois. *See* Karpierz Decl., ¶ 2.  Accordingly, Defendant is a citizen of Delaware and of Illinois, and is not a citizen of Hawaii and Plaintiff is a citizen of Hawaii.  Thus, there is complete diversity of citizenship among the parties to this lawsuit.

7.      The matter in controversy in this lawsuit exceeds the $75,000 jurisdictional threshold set forth in 28 U.S.C. § 1332(a).  Where the amount in controversy is not specifically pled in the complaint, the removing defendant must show, by estimate, that the amount in controversy meets the minimum threshold, recognizing that what matters is the amount in controversy, not the amount of damages the plaintiff is likely to ultimately recover, if any. *See Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) (If the amount in controversy is not "facially apparent" on the complaint, the court may consider

facts in the removal petition); *see also Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400-01 (9th Cir. 2010) ("The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability").

8.    In his Complaint, Plaintiff prays for special damages, including back pay, front pay, and other expenses; general damages; punitive damages; and attorney's fees. *See* Ex. A at p.6, ¶¶ A-G. Plaintiff's final pay rate at the time of his termination was $46.69 per hour. Karpierz Decl. ¶ 4. Based on that rate, Mr. Yamada would have earned approximately $97,115.20 in 2017 if he had remained employed with Defendant. *Id.* In the event that Plaintiff were to prevail on his claims, both past and future lost wages he would be entitled to recover should be taken into account for purposes of evaluating the amount in controversy, even if he is unlikely to recover them. *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 417-18 (9th Cir. 2018). Based on this compensation information, Plaintiff's alleged lost wages for the at least two and a half years since his termination amount to approximately $249,838.83. Estimating that a trial would not be for another year, that would add an additional year of recoverable back pay. As such, the amount in controversy, exclusive of costs and interest, exceeds $75,000.

9.    Venue is proper in the District of Hawaii pursuant to 28 U.S.C. § 1391 inasmuch as the events giving rise to the instant lawsuit allegedly occurred in the District of Hawaii. *See* Ex. A.

10.   Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be given to counsel for Plaintiff, and a copy of the Notice of Removal will be filed with the Clerk of the First Circuit Court, State of Hawaii.

11.   By filing this Notice of Removal, Defendant waives no defenses to the Complaint.

WHEREFORE, Defendant respectfully requests that this action be duly removed to this Court and that it proceed herein.

DATED:   Honolulu, Hawaii, October 11, 2019.

/s/ Eileen C. Zorc
EILEEN C. ZORC
RONALD TANG

Attorneys for Defendant
UNITED AIRLINES

1153518